# UNITED STATES DISTRICT COURT

## For The

## Central District of Illinois, Peoria Division

| | |
|---|---|
| Jeff C Arbogast )<br>Plaintiff )<br>v )<br>Parker Fabrication inc )<br>Matt Parker, owner )<br>James Zimmerman, employee )<br>Nicholas Hidden, employee )<br>And other Defendants ) | Case Number:<br>23-cv-1103 |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### The Parties to This Complain

**Plaintiff**
Jeff C Arbogast
2215 W Willow Knolls Dr
Apt 409
Peoria, IL 61614
309-989-9541

**Defendants**
Parker Fabrication inc, Matt Parker-owner, James Zimmerman-employee
501 Courtland Street
Morton, Illinois 61550
(309) 266-8413

Nicholas Hidden Parker Fabrication employee at East Peoria Laser Site
3700 N Main Street
East Peoria, Illinois 61611
(309) 698-8080

Now Comes the Plaintiff, Jeff C. Arbogast, pro se, and for his Complaint against the defendants

states as follows:

## NATURE OF CASE

The basis of Plaintiff's Complaint is he was paid less than other employees, treated improperly and eventually discharged because of his disability and age (over 40 years old). This violates the Americans with Disability Act (ADA), 42 U.S.C. Sections 12111, et seq., the ADA Amendments Act of 2008 (ADAAA), the Age Discrimination in Employment Act (ADEA), and the Illinois Human Rights Act, 775 ILC 5 et seq.

## JURISDICTION AND VENUE

This Court has federal question jurisdiction over this matter and has supplemental jurisdiction over Plaintiff's claims under the Illinois Human Rights Act.

Venue is proper in the Central District of Illinois, Peoria Division because the claims for relief arose in this jurisdictional district. A Charge of Discrimination was timely filed with the Illinois Department of Human Rights. The Charge of Discrimination is attached as Plaintiff's Exhibit A. Also the Complainant Information Sheet is attached as Plaintiff's Exhibit B. Verification of Disability is attached as Plaintiff's Exhibit C. The administrative remedies of Illinois Department of Human Rights and the Federal Equal Employment Opportunity Commission(EEOC) was exhausted and the EEOC issued a Notice of Right to Sue. The Notice of Right to Sue Letter is attached as Plaintiff's Exhibit D. The Defendants frustrated the administrative process by using non-disclosure agreements. At the very beginning of the administrative process Plaintiff indicated that the Defendants would use non-disclosure agreements in such a way. See Plaintiff's Exhibit B at page 2 stating "company uses non-disclosure agreements to hide information."

## STATEMENT OF CLAIM

Plaintiff's previous employer was Precision Laser Manufacturing (PLM) owned by Todd Berry. Todd Berry was in financial distress and need to sell his 2 lasers cutters (a large laser and a smaller laser) and his business at 3700 N Main Street East Peoria, Illinois 61611. Toward the end Plaintiff was Todd Berry's last and only employee at the East Peoria laser site. Everyone else left. During the time in which Plaintiff was employed by Todd Berry he did everything in the shop.

Plaintiff ran both laser cutters, did route maintenance, load/unload trucks just about everything that was needed to be done in the shop.

Matt Parker owner of Parker Fabrication at 501 Courtland Street Morton, Illinois 61550 became interested in purchasing the lasers and business from Todd Berry. Matt Parker started a due diligence process by having his employee Jim Zimmerman work with Plaintiff for a few months. Then one day Plaintiff was told that Jim Zimmerman was his new boss and within a couple of weeks or so Plaintiff started to receive Parker Fabrication pay checks at the same rate of pay as from Todd Berry. Plaintiff never filled out an application nor was he interviewed.

The larger laser cutter has the ability to cut tubes. Parker Fabrication modified the tube cutter part of the larger laser to cut much larger tubes than what it was designed to do. Plaintiff did not run the tube cutting jobs and that was because it was unsafe. Parker Fabrication required procedure for laser cutting tubes was unsafe. In addition to the modifications Parker Fabrication disabled the Door interlock system. If the door was opened, the laser beam shut off and the laser stopped moving - That was disabled. Employees were then required to place themselves in direct line of laser movement. And employees' body parts and eyes would be exposed to laser cutting and laser radiation. Laser radiation can do damage to the eyes. The previous owner of the laser, Todd Berry explained this danger to Parker Fabrication. Todd Berry had been cited by OSHA for exactly what Parker Fabrication required employees to do. Parker Fabrication willfully exposed it's employees to this hazard. Plaintiff's eyes (left eye in particular) presents a good example of what damage can occur due to laser radiation. Parker Fabrication was well aware of the damage to Plaintiff's eyes. Parker Fabrication was well aware of Plaintiff's disability.

James Zimmerman brought over from the Morton main shop one employee. Plaintiff cannot remember his name. After some number of weeks, this employee and Jim Zimmerman got into some sort of dispute. He was assigned back to Morton and believed to have left Parker Fabrication completely.

After that Nicholas Hidden (at all the relevant times under the age of 40) arrived at the East Peoria laser site. He was a welder with no laser experience. Plaintiff showed him the operation

3

of the laser cutter. Nick become the site manager. Generally Plaintiff would cut the flat sheet steel and Nick would cut the tubes. The door safety interlock was disabled. Nick would catch the cut tube parts. Very Unsafe. After a few months or so, another employee from Morton was brought in. Plaintiff trained him on cutting sheet steel and Nick showed him on cutting tubes. He was a saw operator in Morton. He cut tubes on the saw there. He knew what the cut tube parts should look like. He did a good job. But Plaintiff believed he would rather be in Morton on the saw. From time to time, he would go back to Morton for a day or more - Until he never came back again. Plaintiff believes that he got hurt and went on disability.

Then came Ben Turney and at all the relevant times under the age of 40. Parker hired him off the street. He had no laser experience. He was a carpenter. Plaintiff showed him the operation of laser cutter. Same routine all over again.

Parker Fabrication buys a new laser cutter - The Bystronic Laser.

Plaintiff did not know Parker Fabrication bought a new laser cutter until he showed up for work one day and neither Nick nor Ben came to work. After Plaintiff got the old laser up and running, he called Jim Zimmerman and asked him what was going on. Zimmerman told Plaintiff that Both Nick and Ben went up to the Chicago area for training of the New Bystronic Laser cutter. This was the first time Plaintiff was told about the purchase of the new laser cutter and training. Plaintiff believes he ran numerous jobs on the old laser while Nick and Ben were gone. What jobs that were ran was documented on a program called JobBoss.   JobBOSS is software designed to track and document jobs employees preform.

A YouTube video shows how it works. link: https://www.youtube.com/watch?v=Og5YjI0550Q In the timeline of the video 3:00 to 3:21 it shows how an employee clocks into a job and what operation the operator was preforming. Plaintiff would clock into a job with the operation of Laser. All through-out the years that Plaintiff was employed by Parker Fabrication he would preformed the Laser Operation (a countless number of times.) The fact that Plaintiff operated lasers is well documented and known to Parker Fabrication.

Also Parker Fabrication hired Don Grant. Plaintiff trained him some on cutting sheets and Ben trained him on cutting tubes. But his main job was the press brake. Parker Fabrication bought a new Press Brake - Bystronic Xpert Press Brake. He had several years experience on press brakes.

Finally the new Bystronic laser cutter arrived. After it was up and running, Nick would not allow Plaintiff around the new Bystronic laser cutter. Would not allow Plaintiff to operate the Bystronic Laser cutter. Nick began to train Don on the Bystronic laser cutter. Plaintiff complained to Nick about training Don and not him. Nick just ignored Plaintiff. Don seem to not understand why he was getting trained on the new Bystronic laser and not Plaintiff.

On November 1, 2019 toward the end of the shift, Nick Hidden called Plaintiff into the office and was told Parker Fabrication is going in a new direction and no longer needed him. Plaintiff was not to be part of this "new" direction. During Plaintiff's employment with Parker Fabrication he never received any complaints about his performance or quality of work. Never received any discipline. Never received any warning (verbal or written).

On or about November 18, 2019 Parker Fabrication hired Maxwell Stribley. Maxwell Stribley is under the age of 40 years old. No laser experience. As a condition of employment, Max Stribley was required to execute any additional confidential agreements. He was hired as a "material handler" - but he was trained to operate the laser to such a level that he indicated on his Facebook page that his job at Parker Fabrication was Laser Operator. See Plaintiff's Exhibit E. He was hired to replace laser operator Plaintiff. Laser Operator, Plaintiff, was replaced by a much younger person with NO experience in operating lasers. Stribley has since moved on and now works at Rivian.

**RELIEF**

The Plaintiff, Jeff C. Arbogast requests relief as follows:

A. Compensatory damages, including damages for mental anguish and emotional distress, unequal pay while being employed, lost wages and benefits, and all financial losses due to discharge.

B. Statutory and punitive damages in excess of $300,000, or amount sufficient to punish Defendants for their malicious actions.

C. For any and all costs in litigating this case.

D. For such other relief as the Court deems just and equitable.

E. THE PLAINTIFF DEMANDS A TRIAL BY JURY.

Respectfully submitted,

*Jeff C. Arbogast* (signature)

Jeff C. Arbogast

March 14, 2023

6

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974: See Privacy act statement before completing this form.<br>#21M0827.02 | AGENCY<br>☒ IDHR<br>☐ EEOC | CHARGE NUMBER<br>2021SA0778 |
|---|---|---|

### Illinois Department of Human Rights and EEOC

| NAME OF COMPLAINANT (indicate Mr. Ms. Mrs.)<br>Mr. Jeff C. Arbogast | | TELEPHONE NUMBER (include area code)<br>(309) 989-9541 |
|---|---|---|
| STREET ADDRESS<br>2215 W. Willow Knolls Drive, #409 | CITY, STATE AND ZIP CODE<br>Peoria, Illinois 61614 | DATE OF BIRTH<br>11 / 19 / 1959<br>MM / DD / YYYY |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE LIST BELOW)

| NAME OF RESPONDENT<br>Parker Fabrication | NUMBER OF EMPLOYEES,<br>MEMBERS 15+ | TELEPHONE NUMBER (include area code)<br>(309) 266-8413 |
|---|---|---|
| STREET ADDRESS<br>501 E. Courtland Street | CITY, STATE AND ZIP CODE<br>Morton, Illinois 61550 | COUNTY<br>Tazewell |

| CAUSE OF DISCRIMINATION BASED ON:<br>Age    Disability | DATE OF DISCRIMINATION<br>EARLIEST (ADEA/EPA)  LATEST (ALL)<br>03/2017    11/01/19<br>☒ CONTINUING ACTION |
|---|---|

THE PARTICULARS OF THE CHARGE ARE AS FOLLOWS:

**SEE ATTACHED**

Dept. of Human Rights
CDU
JAN 5 2021
By: nev  RECEIVED

Page 1 of 5                                                            MKH

I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

SUBSCRIBED AND SWORN TO BEFORE ME
THIS 31 DAY OF December, 2020
X Kristina Gillen
NOTARY SIGNATURE

OFFICIAL SEAL
KRISTINA GILLEN
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES 06-30-2024

NOTARY STAMP

X J.C. Arbogast  12-31-2020
SIGNATURE OF COMPLAINANT    DATE

I declare under penalty that the foregoing is true and correct I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief

EEO-5 FORM (Rev. 7/12-INT)

EXHIBIT A
PAGE 1 of 5

Charge Number: 202......78
Complainant: Jeff C. Arbogast
Page 2 of 5

I.  A.  **ISSUE/BASIS**

UNEQUAL PAY – SPRING 2017 THROUGH NOVEMBER 1, 2019, DUE TO MY AGE, 55 AND 59

B.  **PRIMA FACIE ALLEGATIONS**

1. My age at the time of harm was 55 and 59 years.

2. Respondent was aware of my age.

3. My performance as a Laser Operator met Respondent's expectations. I was hired on or about April 2015.

4. In Spring 2017, Respondent hired Ben Turney (upper-30s), Laser Operator. Turney had the same title and responsibilities as I, but he received higher wages for similar work.

5. From Spring 2017 through November 1, 2019, I was subjected to unequal pay from Respondent.

II. A.  **ISSUE/BASIS**

UNEQUAL PAY – SPRING 2017 THROUGH NOVEMBER 1, 2019, DUE TO MY DISABILITY, VISUAL IMPAIRMENT

B.  **PRIMA FACIE ALLEGATIONS**

1. I am an individual with a disability as defined under Section 1-103(I) of the Illinois Human Rights Act.

2. Respondent was aware of my disability.

3. My performance as a Laser Operator met Respondent's expectations. I was hired on or about April 2015.

4. In Spring 2017, Respondent hired Ben Turney, Laser Operator. Turney had the same title and responsibilities as I, but he received higher wages for similar work.

5. My disability is unrelated to my ability to perform the essential functions of the job with or without reasonable accommodation.

6. From Spring 2017 through November 1, 2019, I was subjected to unequal pay from Respondent.

EXHIBIT A
PAGE 2 of 5

Charge Number: 2021____.78
Complainant: Jeff C. Arbogast
Page 3 of 5

III.    A.    ISSUE/BASIS

UNEQUAL TERMS AND CONDITIONS OF EMPLOYMENT – FROM ON OR ABOUT AUGUST 2019 THROUGH NOVEMBER 1, 2019, DUE TO MY AGE, 59

B.    PRIMA FACIE ALLEGATIONS

1. My age at the time of harm was 59 years.

2. Respondent was aware of my age.

3. My performance as a Laser Operator met Respondent's expectations. I was hired on or about April 2015.

4. From on or about August 2019 through November 1, 2019, Nicholas Hidden (mid-30s), Site Manager, and Jim Zimmerman (upper-30s), Supervisor, subjected me to unequal terms and conditions of employment, in that they did not allow me to use the new laser cutter that was simpler to operate.

5. Respondent treated similarly-situated employees, whose ages are below 40 or significantly younger than mine, differently under similar circumstances.

IV.    A.    ISSUE/BASIS

UNEQUAL TERMS AND CONDITIONS OF EMPLOYMENT – FROM ON OR ABOUT AUGUST 2019 THROUGH NOVEMBER 1, 2019, DUE TO MY DISABILITY, VISUAL IMPAIRMENT

B.    PRIMA FACIE ALLEGATIONS

1. I am an individual with a disability as defined under Section 1-103(I) of the Illinois Human Rights Act.

2. Respondent was aware of my disability.

3. My performance as a Laser Operator met Respondent's expectations. I was hired on or about April 2015.

4. From on or about August 2019 through November 1, 2019, Nicholas Hidden, Site Manager, and Jim Zimmerman, Supervisor, subjected me to unequal terms and conditions of employment, in that they did not allow me to use the new laser cutter that was simpler to operate.

EXHIBIT A
PAGE 3 of 5

Charge Number: 2021___.78
Complainant: Jeff C. Arbogast
Page 4 of 5

    5. My disability is unrelated to my ability to perform the essential functions of the job with or without reasonable accommodation.

    6. Respondent treated similarly-situated non-disabled employees differently under similar circumstances.

V.    A.    **ISSUE/BASIS**

    **DISCHARGE – NOVEMBER 1, 2019, DUE TO MY AGE, 59**

    B.    **PRIMA FACIE ALLEGATIONS**

    1. My age at the time of harm was 59 years.

    2. Respondent was aware of my age.

    3. My performance as a Laser Operator met Respondent's expectations. I was hired on or about April 2015.

    4. On November 1, 2019, Nicholas Hidden (mid-30s), Site Manager, discharged me for the given reason that Respondent was going in a different direction and no longer needed me.

    5. Respondent treated similarly-situated employees, whose ages are below 40 or significantly younger than mine, differently under similar circumstances.

VI.    A.    **ISSUE/BASIS**

    **DISCHARGE – NOVEMBER 1, 2019, DUE TO MY DISABILITY, VISUAL IMPAIRMENT**

    B.    **PRIMA FACIE ALLEGATIONS**

    1. I am an individual with a disability as defined under Section 1-103(I) of the Illinois Human Rights Act.

    2. Respondent was aware of my disability.

    3. My performance as a Laser Operator met Respondent's expectations. I was hired on or about April 2015.

EXHIBIT A
PAGE 4 of 5

Charge Number: 202_____778
Complainant: Jeff C. Arbogast
Page 5 of 5

4. On November 1, 2019, Nicholas Hidden, Site Manager, discharged me for the given reason that Respondent was going in a different direction and no longer needed me.

5. My disability is unrelated to my ability to perform the essential functions of the job with or without reasonable accommodation.

6. Respondent treated similarly-situated non-disabled employees differently under similar circumstances.

EXHIBIT A
PAGE 5 of 5

# State of Illinois
## Department of Human Rights

**COMPLAINANT INFORMATION SHEET**
(For All Cases not related to Housing Discrimination)

Office Use Only:  Control No:  Inv. Init.  Date: August 26, 2029

**Instructions:** Read this entire form and all of the instructions carefully before completing. All questions should be answered, and you may use additional sheets if necessary. This form must be signed and dated on page 4, and postmarked or received by IDHR within **300 days** of the date of the alleged discrimination. IDHR must establish if it has the right under the law to investigate your claim. If IDHR accepts your claim of discrimination, we will type your information on an official charge form. The official charge form must be signed, notarized and returned to IDHR in a timely manner.

**THIS IS NOT A FORMAL CHARGE.** If IDHR accepts your claim, we will send you an official typed charge form for signature.

If your alleged claim of discrimination is related to Housing, such as buying or renting a house or apartment or refused a request to modify your housing, please **STOP** and fill out an IDHR Housing Complainant Information Sheet.

### 1. COMPLAINANT INFORMATION

| | | |
|---|---|---|
| Name: Jeff C Arbogast | Address: 2215 W Willow Knolls Drive | Apt No: 409 |
| City: Peoria | State: Illinois  ZIP: 61614 | Phone No: 309-989-9541 |
| E-Mail: jeffarbogast2@gmail.com | Alt. Phone No: | Alt. Phone No: |

Please provide the following information for statistical purposes only.

| | | |
|---|---|---|
| Country of National Origin: United States of America | Date of Birth: November 19, 1959 | Sex: Male |

### 2. WHO CAN WE CALL IF WE CANNOT CONTACT YOU
Make sure their mailing addresses are different from your mailing address. Your charge could be dismissed if you do not provide this information and we are unable to locate you.

| | | |
|---|---|---|
| Name: John Arbogast | Address: | Apt No: |
| City: Bartonville | State: Illinois  ZIP: | Phone No: 309-253-6006 |
| Name: | Address: | Apt No: |
| City: | State:  ZIP: | Phone No: |

### 3. RESPONDENT INFORMATION
Write out the full legal name of the company or organization that you believe discriminated against you in Illinois (i.e. the Respondent). (Employer, Employment Agency, Financial Institution, Union, Place of Public Accommodation, School or University, etc.)

| | | |
|---|---|---|
| Name: Parker Fabrication | Address: 501 East Courtland St | |
| City: Morton | State: Illinois  ZIP: 61550 | Phone No: 309-266-8413 |
| County: Tazewell | Website: | |

### 4. WHAT IS YOUR RELATIONSHIP WITH THE RESPONDENT

☒ **EMPLOYMENT:** Respondent is my Employer / Former Employer / Potential Employer.

NOTE: If the Respondent is an employer, does the Respondent employ:

15 or more employees in the state of Illinois  ☒ Yes  ☐ No   15 or more employees in the United States  ☐ Yes  ☐ No

☐ **FINANCIAL CREDIT:** Respondent is a Financial Institution, such as a bank or an insurance company, to which I applied for an account or line of credit.

☐ **PUBLIC ACCOMMODATIONS:** Respondent is a Public Entity or Place of Business (of which I am not a current, former, or potential employee), such as a Store, Restaurant, Public Park, Educational Program, or Public Official, and has denied me a service or access or has subjected me to a form of pervasive harassment.

☐ **SEXUAL HARASSMENT IN EDUCATION:** Respondent is or represents an Educational Institution in which I (or my minor child) am currently, recently, or I have applied to be enrolled that I believe has sexually harassed me (or my minor child), or has retaliated against me (or my minor child) for reporting, opposing or for participating in an investigation of sexual harassment.

What type of business or organization is the Respondent? For example, a Private Employer, Public or Non-Profit Organization, State or Local Government, School or University (specify Public or Private, and if it is Elementary, Secondary, Vocational, etc., and your current enrollment status), Employment Agency, Municipality, Union, Bank, Insurance Company, Individual, etc.

**Private Manufacturer**

Office Use Only

---

EXHIBIT B
PAGE 1 OF 4

Illinois Department of Human Rights — **COMPLAINANT INFORMATION SHEET**

## 5. DESCRIPTION OF THE ISSUES AND BASES YOU ARE REQUESTING IDHR TO INVESTIGATE

Each of your COMPLAINTS of discrimination must be composed of two parts: the ISSUE and the BASIS.
The ISSUE is the harm or action that was taken against you. (Such as being discharged from your place of employment or being denied access to a public service.)
The BASIS is the legally protected class you believe is the reason for the action that was taken against you.

**IDHR can only investigate charges alleging specific BASES of discrimination:**

| | | | | |
|---|---|---|---|---|
| Age (+40) | Ancestry | National Origin | Sexual Orientation | Physical Disability or Mental Disability (unrelated to ability to do the job) |
| Race | Pregnancy | Military Status | Sexual Harassment | Arrest Record (or criminal history record ordered expunged, sealed or impounded) |
| Sex | Religion | Citizenship Status | Order of Protection Status | Aiding and Abetting / Coercion (helping or forcing a person to commit discrimination) |
| Marital Status | Gender Identity | Unfavorable Military Discharge | Color (Complexion) | |

Retaliation (complained about unlawful discrimination, filed a prior discrimination claim, or testified at a discrimination hearing)

Your Charge of Discrimination can have multiple COMPLAINTS.
Your BASIS can be the cause of more than one ISSUE, and each ISSUE could have been caused by more than one BASIS.
If your complaint is of SEXUAL HARASSMENT, RETALIATION, AIDING AND ABETTING, or COERCION, your Issue and Basis are the same.

**IDHR cannot investigate:** * Unfair Employment, Public Accommodation, or Union Practices (such as political affiliations, personality conflicts, etc.) unless such actions are alleged to be for one or more of the Bases listed above * Charges against the federal government or federal officials. * Curriculum content or course offerings of Educational Programs or Institutions. * Prison Facilities. * Educational institutions regarding discrimination in educational programs other than sexual harassment.

---

**1st COMPLAINT:** Describe the ISSUE or harm. Be specific and concise. (Common Issues include: Discharge from place of employment, Retaliation for filing a complaint of discrimination, Unwelcome sexual advances, Denied access to a public facility, Denied a loan, Creating an intimidating or hostile environment, or Failure to make a reasonable accommodation.)

**Being paid less than others that I trained. Treated unfairly. Eventually discharged.**

BASIS: (As described above) **Age (40+)**    Date(s) of Action: **From first day of work til date of discharge**

Name and Job Title of the person who committed the action or gave you this information:

**Mathew Parker (Company President/Owner); Nicholas Hidden (site supervisor) and various others**

Why do you feel discriminated against because of the basis you have identified, or how has this action created a hostile or offensive environment?

How were others in your situation treated?

**company uses non-disclosure agreements to hide information**

**2nd COMPLAINT:** Describe the ISSUE or harm. Be specific and concise. (Common Issues include: Discharge from place of employment, Retaliation for filing a complaint of discrimination, Unwelcome sexual advances, Denied access to a public facility, Denied a loan, Creating an intimidating or hostile environment, or Failure to make a reasonable accommodation.)

BASIS: (As described above) **Disability**    Date(s) of Action: **From first day of work til date of discharge**

Name and Job Title of the person who committed the action or gave you this information:

**Mathew Parker, Nicholas Hidden, and others.**

Why do you feel discriminated against because of the basis you have identified, or how has this action created a hostile or offensive environment?

How were others in your situation treated?

**Undetermined due to use of non-disclosure agreements**

Please use additional sheets as necessary to provide the above information for each complaint.

CIS-U. 7/2020

EXHIBIT B
PAGE 2 of 4

### 6. IF YOU HAVE BEEN EMPLOYED BY THE RESPONDENT, PLEASE FILL IN THE FOLLOWING:

| Job Title: Laser Operator | | Were you on probation? ☐ Yes ☒ No |
|---|---|---|
| Date Hired: | Salary: | ☒ Hourly ☐ Weekly ☐ Bimonthly ☐ Monthly ☐ Annually |
| Department: | | Supervisor: |

### 7. SPECIAL BASES

#### 7A. If your claim involves SEXUAL HARASSMENT:

| Name of the harasser: | Job Title of harasser: |
|---|---|

Do you want the sexual harasser charged separately as an additional respondent? ☐ Yes ☐ No

| If "Yes", provide contact information for the harasser. | Address: |
|---|---|
| City: | State: | ZIP: | Phone No: |

Describe the action(s) taken against you. Include the date or approximate date of each action. Use additional sheets, if necessary. Common examples include: Unwelcome sexual advances, Requests for sexual favors, Action contingent upon submission to sexual conduct, or Creating a hostile, or offensive environment.

Was the conduct welcome or unwelcome? If unwelcome, how did you reject the conduct or make it known it was unwelcome?

If your complaint includes an Action contingent upon submission to sexual conduct, were you told what would happen if you did not submit to the sexual advances? If Yes, what were you specifically told, by whom, and on what date(s)?

#### 7B. If you claimed PHYSICAL DISABILITY or MENTAL DISABILITY as a basis:

State your medically diagnosed disability/disabilities: **Low Vision due to cataracts that developed/worsened by laser exposure.**

Explain how the Respondent became aware of each disability: **Previous owner of the East Peoria laser site/equipment, Todd Berry, informed Parker Fabrication. I was employed by Todd Berry when he sold out to Parker.**

#### 7C. If you claimed RETALIATION as a basis:

| Name of the retaliator: | Job Title of retaliator: |
|---|---|

Do you want the retaliator charged separately as an additional respondent? ☐ Yes ☐ No

| If "Yes", provide contact information for the retaliator. | Address: |
|---|---|
| City: | State: | ZIP: | Phone No: |

State how you opposed unlawful discrimination: (i.e., testified at a discrimination hearing, filed a prior discrimination claim, or complained about unlawful discrimination). Include dates, charge numbers, and/or the name or title of the person to whom you complained.

#### 7D. If your claim involves DENIAL OF FINANCIAL CREDIT:

Explain your understanding of the qualifications necessary to obtain credit from the institution, and how you met those qualifications:

You must sign and date the last page of this form.

EXHIBIT B
PAGE 3 of 4

CIS-U. 7/2020

Illinois Department of Human Rights                                      **COMPLAINANT INFORMATION SHEET**

**8. HAVE YOU FILED A GRIEVANCE OR COMPLAINT INTERNALLY WITH THIS RESPONDENT?** (Such as a Human Resources Department, Manager, Customer Service Center, Union, Advocacy Group, or Guidance Counselor)

If "Yes", to whom did you submit the complaint (name and job title), on what date(s), and what were the results of your complaint thus far?

**9. HAVE YOU FILED A PREVIOUS CHARGE AGAINST THIS RESPONDENT WITH IDHR OR ANOTHER INVESTIGATORY AGENCY OR COMMISSION?** (Such as the EEOC, US Dept. of Education, or the US Dept. of Labor)

☐ Yes  ☒ No    If "Yes", when? _____    Charge Number(s): _____

**10. MEDIATION:** The Department offers mediation as an alternative form of dispute resolution. If both parties agree to participate, mediation may resolve your case faster. All mediation conferences are held in the Department's Chicago office. If the case is not resolved at Mediation, the case will be investigated.

Are you interested in Mediation?  ☐ Yes  ☒ No

**IDHR Notice of Accessibility**

IDHR's programs are accessible to persons with disabilities in compliance with the ADA and Sec. 504 of the Rehabilitation Act of 1973. A person with a disability needing an accommodation to participate in IDHR programs should contact the ADA Coordinator at 312-814-6262, 312-814-1436 (fax), 866-740-3953 (TTY) or e-mail IDHR.ADA@illinois.gov. IDHR provides interpreters upon request for sign language and for languages other than English. If a non-English speaking party chooses to secure their own interpreter, the interpreter must be 18 years of age or older and able to communicate effectively in both languages.

**Notice to complainant on release of identity and personal information**

The Illinois Human Rights Act ("Act"), 775 ILCS 5/1-101 *et seq.*, and Section 2520.330 of IDHR's Rules and Regulations, 56 Ill. Admin. Code, Ch. II, Section 2520.330, require a charge to contain certain information in such detail as to substantially apprise the parties of the time, place, and facts with respect to the alleged civil rights violation. Pursuant to the Department's Rules and Regulations (2 Ill. Admin Code, Ch. X, Section 926.210), anyone who submits information to IDHR in connection with a discrimination charge should take notice and be aware of the following:

(a) All contents and files maintained by IDHR pertaining to charges shall be confidential and not subject to public disclosure. Relevant exceptions are:
(1) the parties to a charge may inspect the file at any time subsequent to the written notice of substantial evidence, default, or dismissal, administrative closure, or approval of terms of settlement by the Human Rights Commission ("Commission");
(2) after the filing of a Complaint with the Commission or the institution of judicial proceedings involving a charge, the Director may release information pertaining to the charge if such information is requested of IDHR or if the Director finds such information newsworthy, useful in education or training, relevant to an issue before the General Assembly, or similarly appropriate for disclosure.

(b) Authorized personnel within IDHR analyze information that IDHR collects. This information may include personal information. IDHR staff may need to reveal some of the personal information to individuals outside the office in order to verify facts related to the charge, or to discover new facts which will help IDHR to determine whether the law has been violated. IDHR may need to disclose to Respondent correspondence that IDHR receives from Complainant or other sources.

(c) IDHR may release the identity and personal information of the parties pursuant to a Freedom of Information Act ("FOIA") request, a subpoena or a court order, and information submitted to or obtained by IDHR may also be revealed to persons outside of IDHR to enforce a Commission Order or a settlement agreement.

(d) No person is required to file a charge with IDHR and reveal personal information to IDHR; however, if a person files a charge and IDHR cannot obtain the information needed to fully investigate the allegations in the charge, IDHR may close the case.

**CONSENT AGREEMENT AND RELEASE**

I have read the provided "Notice to Complainant" and I understand that: 1) If my charge is regarding an employment jurisdiction, IDHR may also file my charge of discrimination with EEOC if it has jurisdiction, and I authorize EEOC to look into the discrimination alleged above; 2) In the course of investigating my charge, IDHR will reveal my identity (including my name) and my personal information to named Respondent(s) in my charge to obtain facts and evidence regarding my charge; 3) I do not have to reveal my personal information to IDHR, but IDHR may close my charge if I refuse to reveal information needed to fully investigate my charge; 4) IDHR may be required by law, subpoena, court order, and/or FOIA request to disclose my charge and information in the Department's investigation file concerning my charge to persons outside of IDHR.

If IDHR takes a charge based on the information provided, I consent for IDHR to disclose my identity and personal information as necessary to process and investigate my charge, and I release IDHR from any liability whatsoever concerning disclosure of my identity and any personal information I provided to IDHR or IDHR obtained in processing my charge.

My signature below verifies the accuracy of the information provided herein and my consent and release as indicated above.

Print Name **Jeff C. Arbogast**    Signature *[signature]*    Date **August 26, 2020**

NOTE: If there is certain personal information you would like withheld, please discuss your concern with an Intake supervisor.

EXHIBIT B
PAGE 4 of 4

CIS-U. 7/2020

# Illinois Department of Human Rights

## VERIFICATION OF DISABILITY (EMPLOYMENT)

Dear Health Care or Social Service Professional:

Your patient (Complainant) has filed a charge with the Illinois Department of Human Rights (IDHR) alleging that s/he has experienced unlawful discrimination because of the condition identified on the attached Consent and Release for Disclosure of Medical Information Form. Your patient has identified you as a source of information regarding the condition and has authorized IDHR to obtain this information from you by signing the attached Consent Form. In order to help IDHR determine whether the Complainant's condition qualifies as a disability under the provisions of the Illinois Human Rights Act, please answer the following questions concerning **only** the condition or conditions during the relevant dates identified on the Consent Form.

Charge Number: _____

Complainant: Jeff C Arbogast

Condition(s) Identified on the Consent and Release for Disclosure of Medical Information form:
Cataracts

Relevant Dates Identified on the Consent and Release for Disclosure of Medical Information form:
1-29-2021

**Please Note:** We ask your cooperation in providing the following information and returning it to IDHR. Your prompt return of this information will help to ensure timely investigation of the Complainant's discrimination claim. IDHR is not responsible for any fees or costs associated with completing this form. If there are fees for a file search and/or copying, IDHR requests that these fees be waived. If you decline to waive the fees or costs associated with completing this form, please immediately notify IDHR. Please direct all correspondence and inquiries to the Investigator identified on the Consent and Release for Disclosure of Medical Information form. If no Investigator is identified, please send all correspondence and inquiries care of the Unassigned Case Unit.

Name of Investigator Identified on Consent Form (If any): _____

1. Can you confirm that Complainant has/had the condition on the relevant dates identified?
   ☒ Yes   ☐ No

2. Is Complainant's condition a physical, mental, or emotional impairment?
   ☒ Yes   ☐ No

100 W Randolph Street, Suite 10-100, Chicago, IL 60601, (312) 814-6200, TTY (866) 740-3953, Housing Line (800) 662-3942
222 S College Street, Room 101, Springfield, IL 62704, (217) 785-5100
2309 West Main Street, Marion, IL 62959 (618) 993-7463
www.illinois.gov/dhr

EXHIBIT C
PAGE 1 of 2

3. Is Complainant's condition **minor**?

   A minor condition is a condition which is trivial or insubstantial, and is not a disability under the Illinois Human Rights Act. In determining whether a condition is minor, please note the following:
   - If the individual is using mitigating measures to address the condition, such as a walking cane, prosthetic, hearing aid, service animal, or medication, you should assess the condition in its unmitigated state.
   - If the individual's condition is episodic or in remission, you should assess the condition in its active state.

   Examples of minor conditions include conditions which are expected to fully heal without any complications, or non-life threatening conditions which can be successfully treated by ordinary medications or minimally invasive surgical procedures.

   [X] Yes    [ ] No

   If "Yes", please explain why the condition is minor:

   Patient needs cataract surgery in the left eye.

4. Is Complainant's condition permanent?

   [ ] Yes    [X] No

   If "No", please describe the length of time Complainant's condition is expected to last (be as specific as possible):

   The patient's condition will last until it is surgically corrected.

5. During the last two years, did you place any restrictions on Complainant related to the condition?

   [ ] Yes    [X] No

   If "Yes" for each restriction please identify (a) the restriction, (b) the date the restriction was imposed, and (c) the duration of the restriction:

---

Health Care or Social Service Professional - Please provide the information requested below:

_[signature] Patel, O.D._
Signature

Kavita Patel, O.D.
Printed Name

_____
Date Form Completed

4620 N University
Address

Peoria IL 61614
City, State, ZIP Code

309 692 8222
Telephone Number

Please return this completed form to:

Illinois Department of Human Rights
100 W Randolph St. Ste. 10-100
Chicago, IL 60601

Please send the form C/O the Investigator named on the Consent form, or if no Investigator is named, C/O the Unassigned Case Unit

Verification of Disability (Employment)
2/14

EXHIBIT C
PAGE 2 of 2

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Chicago District Office**
230 S. Dearborn Street
Chicago, Illinois 60604
(800) 669-4000
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 12/21/2022

**To:** Jeff C. Arbogast
2215 W. Willow Knolls Drive, Apt. 409
Peoria, IL 61614

**Charge No: 21B-2021-00284**

EEOC Representative and email:  Sherice Galloway
Manager / State, Local & Tribal
sherice.galloway@eeoc.gov

## DISMISSAL OF CHARGE

The EEOC has adopted the findings of the state or local fair employment practices agency that investigated your charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On Behalf of the Commission:

Digitally Signed By: Julianne Bowman
12/21/2022

Julianne Bowman
District Director

**Cc:**

PARKER FABRICATION, INC.
c/o Dawn L. Wall, Esq.
Costigan & Wollrab, PC
308 E. Washington Street
Bloomington, IL 61701

EXHIBIT D



EXHIBIT E