UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JEFF C ARBOGAST, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CASE No. 23-CV-1103 |
| v. | ) |
| | ) |
| PARKER FABRICATION, INC., | ) |
| MATT PARKER, JAMES | ) |
| ZIMMERMAN, and NICHOLAS | ) |
| HIDDEN, | ) |
| | ) |
| | ) |
| | ) |
| Defendants. | ) |

**ORDER AND OPINION**

Jeff C. Arbogast ("Plaintiff"), acting pro se, asserts an action against his employer Parker Fabrication Inc., ("Parker Fabrication"), Matt Parker ("Parker"), James Zimmerman, and Nicholas Hidden ("Defendants") alleging discrimination in violation of the Americans with Disabilities Act ("ADA") 42 U.S.C. § 12101, *et seq.*,, the ADA Amendments Act ("ADAAA") 42 U.S.C. § 12111 *et seq.*; the Age Discrimination in Employment Act ("ADEA") 29 U.S.C. § 623(A)(1); and the Illinois Human Rights Act ("IHRA"), 775 ILCS 5/1-101 et seq. Defendants have filed a motion to dismiss for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6). (Doc. 5). Plaintiff has responded (Doc. 8). For the reasons set out below, Defendants' motion is GRANTED in part and DENIED in part.

**BACKGROUND**

Plaintiff, who at all relevant times was over the age of 40, was initially employed at Precision Laser Manufacturing ("PLM") in Peoria, Illinois, working for PLM owner Todd Berry ("Berry"). (Doc. 1 at 2). Plaintiff pled that he did "everything" in the shop, including running

the small and large laser cutters, routine maintenance, and loading/unloading trucks. *Id*. at 2-3. Defendant Parker owned Parker Fabrication and became interested in purchasing PLM and its two laser cutters. Parker sent employee, Defendant Zimmerman to PLM, to work with Plaintiff. Parker eventually bought PLM and employed Plaintiff. When Parker Fabrication took over, Zimmerman became Plaintiff's boss. *Id*. at 3.

Plaintiff alleges that at an unidentified point, Parker Fabrication modified the larger laser so that it would cut larger "tubes" than it was designed to do. He also claims that Parker Fabrication disabled the door interlock safety system which was designed to automatically shut off the laser if the door were opened. Plaintiff claims that his previous employer, Berry, had been cited by OSHA for this same conduct. Plaintiff asserts with little explanation that due to the safety being disabled, "Employees were then required to place themselves in direct line of laser movement" exposing their eyes and other body parts to "laser cutting and radiation which can cause serious damage." *Id*. at 3. Plaintiff pled that he did not run the tube-cutting jobs on the larger laser as he believed the modification was unsafe, but he continued to operate the other laser. *Id*. at 3-4.

As part of his job, Plaintiff was required to train others on the use of the laser equipment. He trained Hidden, a welder who was under the age of 40 and had no prior laser experience. When he worked with Hidden, Plaintiff would cut the flat sheet steel and Hidden would cut the tubes on the modified laser cutter. *Id*. at 4. Hidden was later promoted to site manager and Plaintiff subsequently trained Turney, another individual under 40. Parker Fabrication later hired Grant, who had several years of experience operating a press brake, and Plaintiff trained him to cut sheets while Turney trained him to cut tubes. *Id*. at 5.

On an unidentified date, Parker Fabrication bought a new laser cutter called the Bystronic Laser. Parker sent Hidden and Turney to Chicago for training but did not send Plaintiff. *Id*. at 4. While Hidden and Turney were gone, Plaintiff ran numerous jobs on the old laser, as documented on a program called JobBoss. When the new Bystronic Laser arrived, Grant was trained on it while Plaintiff was not. Plaintiff complained to Hidden and his complaint was ignored. *Id*. at 5.

On November 1, 2019, Plaintiff was fired from Parker Fabrication. Hidden told Plaintiff that Parker Fabrication was going in a new direction and Plaintiff was not part of it. *Id*. at 5-6. Plaintiff believes that he was fired for a discriminatory reason as he had never received any complaints about his performance, had not been disciplined, and had not been given any verbal or written warnings. *Id*. at 5. On or about November 18, 2019, Parker Fabrication hired Max Stribley ("Stribley"), who was under age 40 and had no prior laser experience. Stribley was trained to take over Plaintiff's former job.

Plaintiff filed a Charge of Discrimination with the Illinois Department of Human Rights (IDHR), alleging that he did not receive equal pay for his work at Parker Fabrication, was subjected to unequal conditions of employment, and was unjustly fired due to his age and disability. Plaintiff also claimed a not-to-clear disability. At times, he refers to an injury to his left eye and at other times, injury to both eyes. Plaintiff claims that his eye injury or injuries resulted from exposure to radiation from the lasers.

Plaintiff attached an IDHR Verification of Disability form to his complaint. The form was filled out by Optometrist, Dr. Patel. *Id*. at 16-17. Dr. Patel indicated that as of January 29, 2021, Plaintiff needed cataract surgery to his left eye. Dr. Patel did not address the condition of

3

Plaintiff's vision in November 2019, when he last worked for Parker Fabrication or mention the condition of the other eye.

Also attached to the complaint was the Charge of Discrimination Plaintiff filed with the Illinois Department of Human Rights ("IDHR").[1] Providing additional context, Defendants have filed a copy of the IDHR September 7, 2021 Notice of Dismissal denying the charge.[2] The IDHR denied for lack of substantial evidence and notified Plaintiff that he could seek review before the Human Rights Commission by December 13, 2021, or file suit in state court within 90 days, which would have been December 6, 2021. (Doc. 6-1). Plaintiff did not file for review, and it is undisputed that he did not file suit until March 14, 2023, more than 15 months after the deadline.

Plaintiff has also provided a copy of the December 21, 2022 "Right to Sue Letter" issued by the EEOC.[3] (Doc. 1 at 18), adopting the findings of the IDHR. The Letter provided that Plaintiff could "choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court . . . WITHIN 90 days" and "Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)". Plaintiff filed his March 14, 2023 complaint within 90 days of this notice. Defendants do not dispute that the federal

---

[1] These documents are appropriately considered in a motion to dismiss. *See Seals v. Compendia Media Group*, 290 F. Supp. 2d 947, 950 (N.D. Ill. 2003) ("The consideration of a Rule 12(b)(6) motion is generally restricted to the pleadings, which include the complaint, any exhibits attached thereto, and supporting briefs.") (citing *Thompson v. Illinois Department of Professional Regulation*, 300 F.3d 750, 753 (7th Cir. 2002)).

[2] *See McCready v. eBay, Inc.*, 453 F.3d 882, 891–92 (7th Cir. 2006) (finding that document included in defendant's motion to dismiss could be considered by the court as it was central to the lawsuit and there was "no factual dispute as to its contents.").

[3] A charge filed with either the IDHR or EEOC is cross-filed with the other. *See* 775 ILCS. § 5/7A-102(A-1); *Kaimowitz v. Bd. of Trustees of the Univ. of Ill.*, 951 F.2d 765 (7th Cir. 1991).

4

ADA/ADAAA and ADEA claims were timely filed. They assert, however, that the state law IHRA claim must be dismissed as untimely.

## LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) challenges whether a complaint sufficiently states a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). The Court is to accept all well-pleaded allegations in a complaint as true, and to draw all permissible inferences in plaintiff's favor. *See Bible v. United Student Aid Funds, Inc.*, 799 F.3d 633, 639 (7th Cir. 2015). To survive a motion to dismiss, the complaint must describe the claim in sufficient detail to put defendants on notice as to the nature of the claim and its bases, and it must plausibly suggest that the plaintiff has a right to relief. *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007). A complaint need not allege specific facts, but it may not rest entirely on conclusory statements or empty recitations of the elements of the cause of action. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

The pleadings of *pro se* litigants, such as Plaintiff, are entitled to a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010). However, "[p]ro se status does not serve as a license to ignore the Federal Rules of Civil Procedure…." *Watford v. Harner*, No. 18-1313, 2022 WL 579490, at *5 (S.D. Ill. Feb. 25, 2022) (citing *Members v. Paige*, 140 F.3d 699, 702 (7th Cir. 1998)). Furthermore, where a *pro se* plaintiff fails to respond to a plausible argument raised by a defendant in a motion to dismiss, federal district courts in the Seventh Circuit routinely grant dismissal. *See, e.g.*, *Bates v. Envision Unlimited, Inc.*, No. 21-6099, 2023 WL 3568684, at *3

(N.D. Ill. May 19, 2023); *Wilcox v. Clark*, No. 21-776, 2022 WL 3099002, at *4 (N.D. Ind. Aug. 4, 2022).

## DISCUSSION

ADA and ADAAA Claims

Plaintiff alleges discrimination in violation of the ADA and the ADAAA. The ADA was enacted in 1990 "to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." *Gray v. FleetPride, Inc.* No. 21-4981, 2022 WL 10080811, at *2 (N.D. Ill. Oct. 17, 2022) (quoting 42 U.S.C. § 12101(b)(1)). "Discrimination can take the form of treating a disabled employee differently from other workers or failing to make reasonable accommodations to the known limitations of the employee." *Youngman v. Peoria County*, 947 F.3d 1037, 1042 (7th Cir. 2020) (citing § 12112(b)). To plead an ADA/ADAAA claim, "an employee must show: (1) that he is disabled; (2) that he is 'otherwise qualified to perform the essential functions of the job with or without reasonable accommodation;' and (3) that his disability caused the adverse employment action." *Quinn v. Chicago Transit Authority*, No. 17-3011, 2018 WL 4282598 at *3 (N.D. Ill. 2018) (quoting *Winsley v. Cook Cty.*, 563 F.3d 598, 603 (7th Cir. 2009) (in turn citing *Stevens v. Ill. Dep't of Transp.*, 210 F.3d 732, 736 (7th Cir. 2000)). As a result, a plaintiff cannot proceed under the ADA or ADAAA unless he has adequately alleged that he was "disabled." *FleetPride, Inc.*, 2022 WL 10080811, at *2 ("if plaintiff is not disabled, 'then neither his discrimination claim nor his failure to accommodate claim can proceed, as this is the first element of both claims.'") (quoting *Cassimy v. Bd. of Educ. of Rockford Pub. Sch., Dist. No. 205*, 461 F.3d 932, 935–36 (7th Cir. 2006).

The threshold inquiry then is whether the plaintiff has a qualifying disability: "'(A) a physical or mental impairment that substantially limits one or more major life activities of [an] individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment.'" *Richardson v. Chicago Transit Auth.*, 926 F.3d 881, 886 (7th Cir. 2019) (quoting ADAAA § 2(b)(3). Under the amendment, "an individual may be 'regarded as' having an impairment 'whether or not the impairment limits or is perceived to limit a major life activity[.]'" *Id.* (citing 42 U.S.C. § 12102(3)(A)). *See FleetPride, Inc.*, 2022 WL 10080811, at *5 (N.D. Ill. Oct. 17, 2022) ("'. . . after the 2008 amendments to the ADA, a plaintiff need not show that the employer regarded her as having an impairment that *substantially limits* one or more life activities.") (citing *Leibas v. Dart*, 2020 WL 6134992, at *5 n.5 (N.D. Ill. Oct. 19, 2020) (emphasis in *Leibas*). *See also Richardson*, 926 F. 3d 888 (noting that a '"major"' life activity "is not to '"be 'interpreted strictly to create a demanding standard for disability.'") (quoting § 1630.2(i)(2)).

The Court now examines the first prong of the disability inquiry; whether Plaintiff has pled an impairment which substantially limits a major life activity. *See Quinn*, 2018 WL 4282598, at *6 ("An impairment substantially limits a major life activity when a person 'is either unable to perform a major life activity or is significantly restricted'" in a major life activity "as compared to the average person in the general population.'" (quoting *Prince v. Ill. Dep't of Revenue*, 73 F. Supp. 3d 889, 893 (N.D. Ill. 2010) (in turn quoting *Cassimy*, 461 F.3d at 936)).

Plaintiff has vaguely pled an impairment to his eyes from laser exposure. He also pleads an impairment due to a left eye cataract, and it is unclear whether this is an additional impairment or part and parcel of the laser exposure to both eyes. To support his claim of disability, Plaintiff provides Dr. Patel's Verification of Disability form. This only documents that

7

as of January 29, 2021, Plaintiff needed cataract surgery to his left eye. The form does not address the condition of Plaintiff's vision in November 2019, or indicate any issue with the right eye. Further, when asked, Dr. Patel answered "no" to the question – "during the last two years, did you place any restrictions on Complainant related to the condition?" (Doc. 1 at 16-17).

Plaintiff has not pled any particulars as to his eye condition[s] or the impact these conditions had on his life or work. The Court has reviewed cases where cataracts, or at least bilateral contracts, were found a covered disability. In *Equal Employment Opportunity Comm'n v. Charter Communications, LLC*, 75 F.4th 729, 731 (7th Cir. 2023), the Seventh Circuit reversed and remanded the circuit court's finding that plaintiff's bilateral cataracts were not a qualified disability. The appellate court noted that the cataracts caused plaintiff to have blurry vision, he had difficulty driving to and from work in the dark, and public transportation was not available. It determined that the employer's refusal to accommodate by providing an earlier work schedule was evidence of disability discrimination.

Similarly, in *Fuller v. Belleville Area Cmty. Coll. Dist. No. 522*, No. 18-01123, 2020 WL 1287743, at *5 (S.D. Ill. Mar. 18, 2020), the court found that the plaintiff had identified a qualified disability where, due to cataracts, she was unable to drive long distances, even during the daytime. The court noted that Plaintiff had provided a letter from her optometrist asserting that she could not drive when it was dark or raining, as headlights and streetlights would cause excessive glare. The court found that in light of this, the employer had failed to provide an accommodation when it moved plaintiff from a facility where she could walk to work to another 28 miles away which would result in a daily four-hour commute by public transportation.

Unlike the cited cases, the Plaintiff *sub judice* does not allege that his vision impairment was a disability that substantially limited a major life activity. The Court will go on to consider

the remaining defining elements of "disability;" whether there is a record of the impairment and whether Parker Fabrication regarded Plaintiff as having an impairment.

An individual is said to have a "'record of'" impairment "if the 'individual has a history of, or has been misclassified as having, a mental or physical impairment that substantially limits one or more major life activities.'" *Quinn*, 2018 WL 4282598, at *6 (quoting 29 C.F.R. § 1630.2(k)(1)). Plaintiff offers little to support that there was a record of his impairment. He attached the optometrist's report to his complaint, but this was authored after Plaintiff left Parker Fabrication and Plaintiff does not plead that he had been diagnosed with an eye condition or experienced limitations due to an eye condition while employed at Parker Fabrication. In short, he does not plead any facts which support that there was a record of an impairment in 2019.

The last consideration is whether Parker Fabrication regarded him as having an impairment. In *FleetPride*, 2022 WL 1008081, at *5, the court found plausible that the employer would have regarded the claimant as having an impairment where the employer was aware that the claimant had been injured at work, where he was on leave for five months, and where he returned with pushing, pulling, and weight restrictions. Plaintiff pleads no such facts here. He has attached a copy of his form IDHR Charge of Discrimination where he was asked to explain how the employer "became aware of each disability." Plaintiff responded with the conclusory statement, "Previous owner of the East Peoria laser site/equipment, Todd Berry informed Parker Fabrication. I was employed by Todd Berry when he sold out to Parker." (Doc. 1 at 14). Plaintiff did not identify any individual at Parker who might have been informed and appears to merely assume that this was done. In addition, he does not claim that his vision impairment was obvious or that it affected his work so as to put the employer on notice of a disability.[4] *See Quinn*, 2018

---

[4] In his IDHR Charge of Discrimination, Plaintiff affirmatively alleged "my disability is unrelated to my ability to perform the essential functions of the job, with or without reasonable accommodation." (Doc. 1 at 8).

WL 4282598, at *7 (finding that plaintiff's claims as to the limited use of his hand and his lifting restriction were enough to plausibly support that the employer regarded him as disabled). The facts alleged here, however, do not sufficiently suggest that Parker Fabrication regarded Plaintiff as disabled.

As previously noted, Plaintiff cannot sustain an ADA/ADAAA claim without first establishing he is disabled. As Plaintiff has failed to successfully plead a disability, the Court need not consider the remaining elements; whether he has successfully pled that, despite a disability, he is otherwise qualified to perform the essential functions of the job with or without reasonable accommodation; and that he suffered the adverse employment actions because of a disability. *See Quinn*, 2018 WL 4282598, at *3. Plaintiff will be given an opportunity to file an amended complaint to replead this claim.

### ADEA Claim

Plaintiff also alleges a violation of the Age Discrimination in Employment Act that applies to workers aged 40 and older and prohibits an employer from "'discharg[ing] any individual or otherwise discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's…age.'" *Hoosier v. Greenwood Hosp. Mgmt. LLC*, 32 F. Supp. 3d 966, 974 (N.D. Ill. 2014) (quoting 29 U.S.C. § 623). In this case, Plaintiff claims that he was not trained on the Bystronic laser cutter due to his age which he identifies as "over forty," while Hidden, Turney, and Stribley, all under the age of 40, were.

"An ADEA plaintiff may proceed by introducing direct or circumstantial evidence that her employer took an adverse action against her because of her age. Alternatively, a plaintiff may establish a *prima facie* case by demonstrating that '(1) she is a member of a protected class, (2)

she was meeting the defendant's legitimate expectations, (3) she suffered an adverse employment action, and (4) similarly situated employees who were not members of her protected class were treated more favorably.'" *Fuller*, 2020 WL 1287743, at *4 (quoting *Carson v. Lake Cty., Indiana*, 865 F. 3d 526, 533 (7th Cir. 2017) (in turn quoting *Simpson v. Franciscan Alliance, Inc.*, 827 F.3d 656, 661 (7th Cir. 2016)).

Here, Plaintiff has sufficiently alleged that he is a member of a protected class, due to his age. He also addresses that he was meeting Parker Fabrication's legitimate expectations in that he had not been reprimanded and there were no complaints about his work. He has also alleged adverse employment actions: that he was paid less wages; not given the same opportunities as other, younger employees; and fired from his job, due to his age. Plaintiff has also adequately pled that other similarly situated employees who were less than 40 were treated more favorably. *See Ferguson v. Smart Warehousing*, No. 20-1587, 2021 WL 4061648, at *2–3 (E.D. Wis. Sept. 7, 2021) (finding that plaintiff had sufficiently pled an ADEA claim where he "'identi[fied] the type of discrimination, when it occurred, and by whom.'" (quoting *Clark v. L. Off. of Terrence Kennedy, Jr.*, 709 F. App'x 826, 828 (7th Cir. 2017)).

However, in addition to naming his employer Parker Fabrication Inc., Plaintiff has individually named Matt Parker, James Zimmerman, and Nicholas Hidden. Although Defendants do not raise the issue, the ADEA prohibits only an *employer's* discriminatory conduct, and "there is no individual liability under the ADEA." *Ferguson*, 2021 WL 4061648, at *2 (quoting *Horwitz v. Bd. of Educ. of Avoca Sch. Dist. No. 37*, 260 F.3d 602, 610 n.2 (7th Cir. 2001); *see also id*. ("as we have suggested that there is no individual liability under the ADEA.") (citing *Matthews v. Rollins Hudig Hall Co.*, 72 F.3d 50, 52 n. 2 (7th Cir.1995); *Thelen v. Marc's Big*

11

*Boy Corp.*, 64 F.3d 264, 267 n. 2 (7th Cir.1995)). As a result, Defendants Matt Parker, Zimmerman, and Hidden are DISMISSED as to the ADEA claim.

### IHRA CLAIM

Plaintiff also alleges discrimination in violation of the IHRA which prohibits discrimination in employment, housing, education, credit, and public accommodations.

"Under Illinois law, plaintiffs can bring an IHRA claim only if they have exhausted available administrative remedies. 775 ILCS 5/8–111(B)(1). To exhaust, plaintiffs must first file a charge with the IDHR and receive a final decision. 775 ILCS 5/7A–102(G)(2). Once the IDHR issues a final decision, the claimant has 90 days to sue." 775 ILCS 5/7A–102(D)(4)." *Clark v. Law Offices of Terrence Kennedy Jr.*, No. 15-11890, 2021 WL 308883, at *7 (N.D. Ill. Jan. 29, 2021), *aff'd, reh'g denied* (Oct. 21, 2021) 859 Fed. App'x. 738 (7th Cir. 2021). The Plaintiff here did not file within the 90 days and Defendants assert that the IHRA claim must be dismissed, generally citing to the IHRA without supporting caselaw.

In *Moultrie v. Penn Aluminum Int'l, LLC*, the court considered an IHRA claim filed more than 90 days after the IDHR Notice of Dismissal. *Moultrie v. Penn Aluminum Int'l, LLC*, No. 11-500, 2012 WL 3113914, at *2 (S.D. Ill. July 31, 2012). The claimant filed a Charge of Discrimination with the IDHR on September 3, 2009, and on November 16, 2009, was sent a Notice of Dismissal. Like the plaintiff here, he was given notice that he could seek review "before the Illinois Human Rights Commission or file a civil action within ninety days." *Id*. The claimant did not seek review and did not file the federal suit until June 14, 2011, long after the 90-day filing period. The court dismissed, citing *Brandenburg v. Earl L. Henderson Trucking, Co., LLC*, No. 09-0558, 2010 WL 2219603, at *4 (S.D. Ill. June 2, 2010) (finding that plaintiff's "failure to timely file her IHRA claim within the ninety days is fatal to her claim.") (citing 775

ILCS 5/7A–102(C)(4)). *See also*, *Laurie v. BeDell*, No. 16-759, 2017 WL 1076940, at *4 (S.D. Ill. Mar. 22, 2017) ("... an overwhelming majority of Illinois courts agree that a lawsuit filed after the 90-day window after receiving an IDHR determination is properly dismissed as untimely...").

Still, a court should not lightly dismiss at the pleadings stage. "The basic rule [is] that the statute of limitations is an affirmative defense, *see* Fed.R.Civ.P. 8(c), and need not be addressed in the complaint." *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 688 (7th Cir. 2004) (citing *U.S. Gypsum Co. v. Indiana Gas Co., Inc.*, 350 F.3d 623, 626 (7th Cir. 2003)); *United States v. N. Trust Co.*, 372 F.3d 886, 888 (7th Cir. 2004) ("A complaint states a claim on which relief may be granted whether or not some defense is potentially available. This is why complaints need not anticipate and attempt to plead around defenses."). However, "[t]his general rule is subject to an important exception. The statute of limitations issue may be resolved definitively on the face of the complaint when the plaintiff pleads too much and admits definitively that the applicable limitations period has expired." *Id.* (citing *N. Trust*, 372 F.3d at 888*; Gypsum,* 350 F.3d at 626). "A litigant may plead itself out of court by alleging (and thus admitting) the ingredients of a defense." *Id*. (citing *Gypsum* at 626).

Here, Plaintiff clearly filed his complaint after the deadline, a fact which "may be resolved definitively on the face of the complaint." *Barry*, 377 F.3d at 688. As Plaintiff's IHRA claim is untimely filed, the Court need not review whether he has successfully pled the claim. The IHRA claim is dismissed with prejudice. *See Hanrahan v. Univ. of Notre Dame*, No. 10-00502, 2012 WL 1066773, at *1 (N.D. Ind. Mar. 27, 2012) (dismissing age discrimination complaint with prejudice where filed beyond the statute of limitations) (citing *Threadgill v. Moore U.S.A., Inc.*, 269 F.3d 848, 849, 851 (7th Cir. 2001) ("affirming the district court's

dismissal with prejudice of a lawsuit that was time-barred due to the plaintiff's failure to timely file the lawsuit after receipt of the right to sue letter.").

Plaintiff's ADA and ADAAA claim are dismissed for Plaintiff's failure to plead a qualifying disability. Plaintiff will be given an opportunity to amend the ADA and ADAAA claims within 30 days. *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018) ("[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile."). Plaintiff's ADEA claim may proceed and will be his sole claim going forward if he does not amend the complaint. The IHRA claim is dismissed with prejudice.

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss is GRANTED in part and DENIED in part. It is granted to the extent the IHRA claim is dismissed with prejudice. In addition, Defendants Matt Parker, Zimmerman, and Hidden are dismissed as to the ADEA claim. The ADEA claim will proceed against Defendant Parker Fabrication only. The ADA and ADAAA claims are dismissed with leave to replead within 30 days, consistent with this ruling. If Plaintiff repleads, he is to assert all of his claims in one pleading as piecemeal complaints are not allowed.

ENTERED this 19th day of December 2023.

                                s/James E. Shadid
                                JAMES E. SHADID
                            UNITED STATES DISTRICT JUDGE